UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVRUHUM GLUCK,

                Plaintiff,

      v.

EQUIFAX, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1-29-21

19-CV-9030 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Avruhum Gluck brings this action for damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. ¶ 1681, *et seq.*, against Defendants Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union LLC; American Express Co.; and Citibank, N.A. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed his Complaint on September 27, 2019. Dkt. 1. Over the months that followed, Plaintiff dismissed his claims against all Defendants other than American Express. *See* Dkt. 22 (stipulation of voluntary dismissal with prejudice of all claims against Defendant Trans Union); Dkt. 23 (stipulation of voluntary dismissal with prejudice of all claims against Defendant Citbank); Dkt. 36 (stipulation of voluntary dismissal with prejudice of all claims against Defendant Equifax); Dkt. 48 (stipulation of voluntary dismissal with prejudice of all claims against Defendant Experian).

    On March 19, 2020, Plaintiff submitted a letter informing the Court that he and Defendant American Express were beginning arbitration of his remaining claims. Dkt. 45. That same day, this

Court instructed the parties to file a status letter with this Court within one week of the completion of arbitration. Dkt. 47.

Since that date, the Court has received no communications from the parties. On December 7, 2020, the Court filed an order directing the parties to file a joint status update no later than December 14, 2020. Dkt. 49. In that order, the Court explicitly warned Plaintiff that failure to respond could result in the dismissal of this action. *Id*. The parties did not respond. On December 28, 2020, the Court filed an order directing the parties to file a joint status update no later than January 8, 2021. Dkt. 50. In that order, the Court informed the parties "[i]f the[y] fail to comply with the Court's order, the Court will dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id*. Again, the parties did not respond. To date, the parties have not complied with either order.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id*. Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id*. at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

These factors weigh in favor of dismissing this action under Rule 41(b).

First, the duration of Plaintiff's non-compliance is significant. Plaintiff has not complied with the Court's orders for nearly two months, despite the Court issuing multiple orders directing him to do so and granting him multiple extensions of time to comply. *See, e.g.*, *Singelton v. City of New York*, No. 14- CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue").

Second, Plaintiff was on notice that his failure to comply would result in dismissal. In its December 7, 2020 order, the Court explicitly warned Plaintiff that this action may be dismissed if he failed to respond. Dkt 49.  In its December 28, 2020 order, the Court stated: "If the parties fail to comply with the Court's order, the Court will dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Dkt 50; *see also Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal").

Third, Plaintiff has been given multiple opportunities to be heard, as evidenced by the Court's repeated extensions of filing deadlines for Plaintiff's benefit.  This case has now been pending for over fifteen months. *See* Dkt. 1.  Plaintiff's interest in pursuing this action is thus outweighed by the Court's need to manage its docket and its obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Finally, although no undue prejudice would befall the remaining Defendant, American Express, if this case were to proceed given its own lack of diligence in complying with the Court's orders

3

regarding status updates, the action will be dismissed. In light of the need to balance the relevant interests, however, the "less drastic" sanction of dismissal without prejudice is appropriate here. *Baptiste*, 768 F.3d at 216.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case, and to mail this order to Defendant.

SO ORDERED.

Dated:   January 29, 2021
         New York, New York

                                                RONNIE ABRAMS
                                                United States District Judge